UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**RICHARD T. CAMPBELL**, for himself and on
behalf of all others similarly situated,

                        Plaintiff,

    vs.

**HEALTHY PROFITS, LLC**,

                        Defendant.

_____

**CLASS ACTION
COMPLAINT**

Civ. No.

Trial by Jury is Demanded

      Plaintiff, RICHARD T. CAMPBELL (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, on behalf of himself and all others similarly situated, allege upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, HEALTHY PROFITS, LLC (hereinafter referred to as "DEFENDANT"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

      1.    PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Upon information and belief, DEFENDANT has a practice and policy to call individuals on their cellular telephone numbers, without their express prior consent, and with the use of an automatic telephone dialing system.

## JURISDICTION AND VENUE

      2.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

      3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4.      PLAINTIFF is a natural person residing in Rochester, New York.

5.      DEFENDANT is a corporation formed in Georgia, with a principal address of 3348 Peachtree Road NE, Ste 750, Atlanta, Georgia, 30326.

6.      At all relevant times herein, DEFENDANT was and is a "person" as defined by 47 U.S.C. § 153(39).

## STATEMENT OF FACTS

7.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 6 inclusive, above.

8.      Upon information and belief, at all relevant times herein, DEFENDANT used, controlled, and/or operated an "automatic telephone dialing system" (also referred to herein as an "autodialer") as defined by the TCPA, 47 U.S.C. § 227(a)(1), 47 C.F.R. § 64.1200(f)(2), and the July 10, 2015 Federal Communications Commission TCPA Omnibus Declaratory Ruling and Order.

9.      DEFENDANT's employees performed the acts alleged in this Complaint while acting within the scope of their actual or apparent authority.

10.      In or about April and May, 2017, DEFENDANT made telemarketing calls PLAINTIFF's cellular telephone service at the number (585) 285-1201 under the trade name "HealPros."

11.      DEFENDANT called PLAINTIFF to attempt to sell diabetes treatment.

12.      DEFENDANT did not have PLAINTIFF's express prior consent to call his cellular phone.

13.      Nevertheless, DEFENDANT continued to regularly call PLAINTIFF.

2

14.     For example: DEFENDANT called PLAINTIFF on April 25, 2017, April 26, 2017, April 27, 2017, twice on May 2, 2017, May 3, 2017, May 5, 2017, May 8, 2017, May 9, 2017, and twice on May 10, 2017.

15.     At all relevant times herein, DEFENDANT did not make these calls for emergency purposes.

16.     At all relevant times herein, DEFENDANT was not calling to collect a debt which was guaranteed by the United States.

17.     Upon information and belief, DEFENDANT used an autodialer to make these calls.

18.     PLAINTIFF alleges that DEFENDANT has a practice and policy to use an autodialer to systematically call numbers associated with cellular telephone services without the express prior consent of the called parties.

19.     PLAINTIFF alleges that DEFENDANT has this practice and policy due to the large and regular number of calls that DEFENDANT made to PLAINTIFF in the relevant period of time.

20.     As a direct result of DEFENDANT's calls placed to his cellular telephone service, PLAINTIFF experienced the concrete injuries of the invasion of his privacy, the unwanted deprivation of the use of his cellular phone, the loss of the cost of electricity, and inconvenience.

## CLASS ACTION ALLEGATIONS

21.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22.     PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis.

PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a.  A class consisting of individuals who:

        i.  Reside in New York; and

       ii.  Within four years prior to the filing of this action;

      iii.  Received a phone call from DEFENDANT on their cellular telephone service;

      iv.  Which DEFENDANT made with an autodialer;

       v.  Where such calls were not to collect debts guaranteed by the United States;

      vi.  Where such calls were not for emergency purposes; and

     vii.  Which DEFENDANT made without the individual's express prior consent

23.    PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 5,000 to 10,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

24.    All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a.  Whether DEFENDANT violated 47 U.S.C. § 227(b)(1) by making calls with an autodialer to telephone numbers assigned to cellular telephone services

owned by PLAINTIFF or class members without their express prior consent;

    b.   Whether DEFENDANT willfully or knowingly violated 47 U.S.C. § 227(b)(1);

    c.   The identities of individuals who received calls on their cellular telephones from DEFENDANT which DEFENDANT made with an autodialer without his or her express prior consent; and

    d.   The total number of DEFENDANT's calls which violated the above subsection.

25.    PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

26.    Upon information and belief, DEFENDANT has a practice and policy of using an autodialer to systematically call numbers associated with cellular telephone services without the express prior consent of the called parties.

27.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA and TCPA lawsuits.  PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on compliance with the TCPA and laws relating to debt collection and autodialers.

28.    PLAINTIFF is committed to vigorously pursuing his claims.

29.    A class action is superior for the fair and efficient adjudication of the class members' claims.  The members of the class are individuals who are likely unaware of the TCPA, and therefore whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or

varying adjudications resulting in the establishment of inconsistent or varying standards and would

not be in the best interest of judicial economy.

30.     A class action regarding the issues in this case does not create any problems of

manageability.

31.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class

under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

32.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1

through 31 inclusive, above.

33.     The TCPA provides the following:

> (1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > [...]
> >
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b).

6

34.    The TCPA defines an "automatic telephone dialing system" (also known as an "autodialer") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

35.    In or about April and May, 2017, DEFENDANT made telemarketing calls PLAINTIFF's cellular telephone service at the number (585) 285-1201 under the trade name "HealPros."

36.    DEFENDANT did not have PLAINTIFF's express prior consent to call his cellular phone.

37.    Nevertheless, DEFENDANT continued to regularly call PLAINTIFF.

38.    For example: DEFENDANT called PLAINTIFF on April 25, 2017, April 26, 2017, April 27, 2017, twice on May 2, 2017, May 3, 2017, May 5, 2017, May 8, 2017, May 9, 2017, and twice on May 10, 2017.

39.    At all relevant times herein, DEFENDANT did not make these calls for emergency purposes.

40.    At all relevant times herein, DEFENDANT was not calling to collect a debt which was guaranteed by the United States.

41.    Upon information and belief, DEFENDANT used an autodialer to make these calls.

42.    PLAINTIFF alleges that DEFENDANT used an autodialer because DEFENDANT's phone calls did not start immediately after answering; instead, there was a pause of a few seconds before DEFENDANT's representative began talking.

43.    PLAINTIFF also alleges that DEFENDANT used an autodialer because DEFENDANT placed multiple "dropped calls," a strong indicator of autodialer usage.

7

44.    A "dropped call" occurs when an autodialer terminates a call because a representative is not available to take the call.

45.    PLAINTIFF further alleges that DEFENDANT used an autodialer due to the large and regular volume of calls.

46.    Based on these indications, PLAINTIFF alleges that DEFENDANT used an autodialer to make the calls.

47.    Even if DEFENDANT was not using autodialing capabilities when calling PLAINTIFF's cellular telephone numbers, DEFENDANT used an autodialer if its dialing equipment had the capacity to store or produce, and dial random or sequential numbers.

48.    The Federal Communications Commission ("FCC"), who retains rulemaking authority under the TCPA (*see* 47 U.S.C. § 227(b)(2)), recently wrote the following regarding the definition of "autodialer":

> We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C.R. 7961, 7971-72 (F.C.C. July 10, 2015).

49.    The FCC expressly rejected the argument that an autodialer must have the "present ability" or "present capacity" to dial random or sequential numbers in order to qualify under the statutory definition:

> We agree with commenters who argue that the TCPA's use of "capacity" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. We agree that Congress intended a broad definition of autodialer, and that the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the "capacity" to dial random and

> sequential numbers, rather than the "present ability" to do so. Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.

*Id.* at 7974 (footnotes omitted).

50.     The FCC previously rejected the same argument: "[In the 2003 TCPA Order,] the Commission implicitly rejected any 'present use' or 'current capacity' test. In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.*

51.     Therefore, based on the above indications and the definition contained in the July 10, 2015 FCC TCPA Omnibus Declaratory Ruling and Order, PLAINTIFF alleges that DEFENDANT used an autodialer when making calls to his cellular telephone number without his express prior consent, and that DEFENDANT uses an autodialer when making calls to other individuals' cellular telephone numbers without their express prior consent.

52.     As a direct result of DEFENDANT's calls placed to his cellular telephone service, PLAINTIFF experienced the concrete injuries of the invasion of his privacy, the unwanted deprivation of the use of his cellular phone, the cost of electricity, and inconvenience.

53.     As a result of these calls, DEFENDANT is liable for actual damages, statutory damages, treble damages, costs, and attorneys' fees.

54.     PLAINTIFF is entitled to damages totaling $500.00 per call. See 47 U.S.C. § 227(b)(3).

55.     PLAINTIFF further alleges that DEFENDANT caused said telephone calls to be placed willfully and/or knowingly, entitling PLAINTIFF to the maximum of treble damages, or $1,500.00 per call. *Id.*

56.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and should recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

57.     Please take notice that PLAINTIFF demand trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF;

(2)     For statutory damages, pursuant to 47 U.S.C. § 227(b)(3), of the amount not to exceed $500.00 per offending call to each class member;

(3)     For treble damages, pursuant to 47 U.S.C. § 227(b)(3), of the amount not to exceed $1,500.00 per offending call to each class member;

(4)     For punitive damages;

(5)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7)     For any and all other relief this Court may deem appropriate.

Dated:  Rochester, New York.
          June 13, 2017

                    Respectfully Submitted,

                    **GESUND & PAILET, LLC**

10

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
14 Franklin St., Ste 813
Rochester, NY  14604
Tel: (585) 703-9783
Fax: (504) 265-9492
alex@gp-nola.com
*Attorney for Plaintiff*